# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL NO.  1:05CV270

| | | |
|---|---|---|
| MARSHE MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **MEMORANDUM AND** |
| | ) | **ORDER OF DISMISSAL** |
| NORTH CAROLINA DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's timely filed objections to the Memorandum and Recommendation of Magistrate Judge Dennis L.  Howell.  Having reviewed *de novo* those portions of the Memorandum and Recommendation to which specific objections were filed, the Court grants Defendant's motion to dismiss.

# I. FACTS[1]

Plaintiff was employed by Black Mountain Center ("BMC"), a residential facility devoted to the care of developmentally disabled individuals and others, from 1977 until her retirement in May 2003. **Complaint, ¶¶ 3, 7.** BMC is operated by Defendant North Carolina Department of Health and Human Services. *Id.,* **¶ 3.** Plaintiff applied for a promotion in August 1998, but the position was awarded to a younger, Caucasian employee. *Id.,* **¶ 8.** After being denied the position, Plaintiff filed a *pro se* Petition for a Contested Case Hearing with the North Carolina Office of Administrative Hearings ("OAH"), alleging discrimination based on both race and age. *Id.,* **¶ 9.**

Plaintiff subsequently enlisted the services of attorney Glen Shults, who assumed representation of Plaintiff at the OAH. *Id.,* **¶ 10.** Plaintiff and attorney Shults entered into a retainer agreement whereby Shults was entitled to retain any attorney's fees awarded between the sums of $5,000 and $22,500, but Plaintiff and attorney Shults would equally divide any

---

[1] Because Defendant's subject matter jurisdiction challenge is not a challenge to the truth of the jurisdictional facts, the Court assumes the truth of all facts alleged in the complaint and found in the exhibits thereto. ***See, infra*, § II; *see also*, Defendant's Motion to Dismiss and Supporting Brief, filed November 14, 2005.**

3

attorney's fees awarded in excess of $22,500.  *Id.*, ¶ **11.**  In February 1999 while Plaintiff's Petition was pending with the OAH, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  The EEOC issued a dismissal and notification of right-to-sue in August 1999.  *Id.*, ¶ **12.**

In July 2000, the Administrative Law Judge ("ALJ") issued a Recommended Decision in Plaintiff's case, finding that BMC had unlawfully denied Plaintiff the promotion because of her race and age.  *Id.*, ¶ **13.**  The respondents before the ALJ, Defendant and BMC, appealed the ALJ's decision to the State Personnel Commission ("Commission"), which adopted the ALJ's Recommended Decision on January 12, 2001.  *Id.*, ¶ **14.**  No further appeal was taken by the respondents; and from that date forward, Plaintiff's right to be free from employment discrimination based on her race and age has not been the subject of litigation.  Rather, every proceeding since that date has concerned only the issue of attorney's fees and costs incurred in the administrative proceeding.  *Id.*, ¶¶ **14-22.**

Following the Commission's decision, Plaintiff moved for an award of attorney's fees and costs under the State Personnel Act and Title VII.  *Id.*, ¶ **15.**  The Commission awarded Plaintiff $5,000 in attorney's fees and

$6,970.46 in costs.  *Id*.  Plaintiff appealed the Commission's award to the General Court of Justice, Superior Court Division of Wake County, North Carolina, which awarded Plaintiff $22,500 in attorney's fees and affirmed the Commission's award of costs.  *Id.*, **¶¶ 16-17**.  Plaintiff then appealed the Superior Court's decision to the North Carolina Court of Appeals.  The Court of Appeals, in an unpublished decision, affirmed in part and reversed in part the lower court's decision, finding it had erred in not awarding fees for Plaintiff's pursuit of her petition for judicial review.  *Id.*, **¶ 19; *see also*, *Morgan v. Black Mt. Ctr./North Carolina Dep't of Health & Human Servs.*, 165 N.C. App. 904, 602 S.E.2d 728 (table), 2004 WL 1824297 (2004).**  Plaintiff then filed a notice of appeal and petition for discretionary review with the North Carolina Supreme Court, which dismissed her appeal *ex mero motu*, and denied her petition.  **Complaint, ¶¶ 20-21; *see also*, *Morgan v. Black Mt. Ctr./North Carolina Dep't of Health & Human Servs.*, 359 N.C. 282, 609 S.E.2d 778 (2005).**

Plaintiff filed suit in this Court on August 3, 2005, seeking "to recover attorney's fees and costs under Title VII of the Civil Rights Act of 1964 . . . for her counsel's work in the case before the North Carolina administrative and judicial system, and before this Court."  **Complaint, ¶ 1 and at 4-5,**

**"Prayer for Relief."** Defendant subsequently moved to dismiss Plaintiff's complaint, and the Court referred Defendant's motion to the Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) for a recommendation as to disposition. *See*, **Defendant's Motion to Dismiss, filed November 14, 2005.** Although Defendant's motion asserted as grounds for dismissal both the *Rooker-Feldman* doctrine and lack of subject matter jurisdiction based on the Fourth Circuit's holding in *Chris v. Tenet*, 221 F.3d 648 (4th Cir. 2000), *cert denied*, 531 U.S. 1191 (2001), only the *Rooker-Feldman* doctrine was addressed.[2] *See*, **Defendant's Brief in Support of Motion to Dismiss, filed November 14, 2005, at 2-4; Memorandum & Recommendation, filed January 5, 2006, at 7 ("The issue to be determined in this case is whether the federal courts should abstain in this matter under . . . the <u>Rooker/Feldman</u> doctrine.").** Defendant has timely filed objections to the Memorandum and Recommendation,

---

[2] Defendant also moved to dismiss the complaint pursuant to Rule 12(b)(6) based on *res judicata*. **Defendant's Brief, at 4-5.** However, the Magistrate Judge correctly declined to consider the issue at this stage. As the Magistrate Judge noted, "[b]ecause preclusion is an affirmative defense under Rule 8(c), Federal Rules of Civil Procedure, not a jurisdictional matter, defendant will need to plead and later prove *res judicata*." **Memorandum and Recommendation, at 10-11;** *see also*, **Fed. R. Civ. P. 8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . res judicata[.]").**

arguing both that the Magistrate Judge's determination of the *Rooker-Feldman* issue was erroneous and that the Court lacks subject matter jurisdiction over Plaintiff's sole claim for attorney's fees and costs incurred in the administrative proceedings.  ***See*, Defendant's Exceptions and Objections to the Memorandum and Recommendation, filed January 19, 2006, at 1-2.**

## II. STANDARD

A party may file written objections to a Magistrate Judge's Memorandum and Recommendation within ten days after being served with a copy thereof.  **28 U.S.C. § 636(b)(1).**  "Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections."  ***Thomas v. Westinghouse Savannah River Co.*, 21 F.Supp.2d 551, 560 (D.S.C. 1997).**  "Parties filing objections must specifically identify those findings objected to.  Frivolous, conclusive or general objections need not be considered by the district court."  ***Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).**  If proper objections are made, a district court will review the objections under a *de novo* standard.  **28 U.S.C. §**

**636(b)(1).** Where no objection is made, the court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), *cert. denied*, 126 S. Ct. 1033 (2006) (quoting Fed. R. Civ. P. 72, Advisory Committee Note).**

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. ***See*, Fed. R. Civ. P. 12(b)(1).** Lack of subject matter jurisdiction may be raised at any time either by a litigant or by the court, *sua sponte*. ***See*, *Plyler v. Moore*, 129 F.3d 728, 732 n.6 (4th Cir. 1997) (citing *North Carolina v. Ivory*, 906 F.2d 999, 1000 n.1 (4th Cir. 1990)).** A court's ability and duty to independently address subject matter jurisdiction is important to the principle of finality of judgments, and the Federal Rules of Civil Procedure require dismissal whenever it appears that the court lacks subject matter jurisdiction, whether by "suggestion of the parties *or otherwise*." ***See*, *McMahon v. Synthron, Inc.*, 2006 WL 149054, *7 (W.D.N.C. 2006) (citing *Capron v. Van Noorden*, 6 U.S. 126, 2 Cranch 126, 127, 2 L. Ed. 229 (1804)); Fed. R. Civ. P. 12(h)(3) (emphasis added).**

The issue of subject matter jurisdiction may arise in two different ways.

> First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. Second, it may be contended that the jurisdictional allegations of the complaint were not true. A trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (footnote omitted).

Where the issue of subject matter jurisdiction arises through a challenge to the truth of the jurisdictional allegations, and the facts purportedly establishing jurisdiction are intertwined with the merits of the dispute, "[i]t is the better view that in such cases the entire factual dispute is appropriately resolved only by a proceeding on the merits." *Id.* Finally, when the issue of subject matter jurisdiction arises, the burden is on the party asserting jurisdiction to establish its existence. *See, Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)).

## III. ANALYSIS

## A.    Subject Matter Jurisdiction

Defendant's first objection is that this Court lacks subject matter jurisdiction under the Fourth Circuit's decision in *Chris v. Tenet*, 221 F.3d 648 (4th Cir. 2000), *cert. denied*, 531 U.S. 1191 (2001), because jurisdiction under Title VII "does not extend to an independent action solely for attorney's fees and costs incurred during the course of the Title VII administrative process." **Defendant's Objections, at 5.** Plaintiff counters that based on the Supreme Court's decision in *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54 (1980), she is entitled to bring – and this Court has jurisdiction over – a suit claiming only attorney's fees and costs under Title VII. **Plaintiff's Opposition to Defendant's Objections, filed February 6, 2006, at 10-18.** Having considered both of these cases and those that followed, the Court agrees with Defendant that, based on *Chris*, this Court lacks subject matter jurisdiction in this case.

The analysis of this issue begins with an examination of the Supreme Court's decision in *Carey*. In *Carey*, the plaintiff filed a charge with the EEOC alleging racial discrimination by New York Gaslight Club in its hiring process. The parties proceeded through the administrative process and the plaintiff eventually filed suit in federal court. Importantly, the complaint

was not merely for attorney's fees and costs, but rather included claims for

substantive violations of Title VII, the Civil Rights Act of 1866, and the

Thirteenth Amendment.  ***Carey*, 447 U.S. at 58.**  The parties eventually

agreed that all claims in the federal action would be dismissed except the

plaintiff's claim for attorney's fees.  ***Id.*, at 59.**  The district court ultimately

denied plaintiff's petition for attorney's fees; however, the Second Circuit

Court of Appeals reversed the district court's decision and the Supreme

Court upheld the reversal on appeal.  ***Carey*, 598 F.2d 1253 (2d Cir.**

**1979).**  Despite the fact that the plaintiff's complaint involved her

substantive rights under Title VII rather than only the issue of attorney's

fees and costs, the Supreme Court held that "§ 706 (f)(1)'s authorization of

a civil suit in federal court encompasses a suit solely to obtain an award of

attorney's fees for legal work done in state and local proceedings."  ***Carey*,**

**447 U.S. at 66.**  The Court made this extension from the actual facts of the

case to its broader holding based on two policy concerns.[3]  First, the Court

believed "[i]t would be anomalous to award fees to the complainant who is

_____

[3] These two policy concerns form the majority of the bases for
Plaintiff's argument that *Carey* controls in this case and vests this Court
with jurisdiction over her claim.  ***See*, Plaintiff's Opposition to
Defendant's Objections, at 11-13.**

unsuccessful or only partially successful in obtaining state or local remedies, but to deny an award to the complainant who is successful in fulfilling Congress' plan that federal policies be vindicated at the state or local level." *Id.* Second, the Court believed that a contrary decision would "undermine Congress' intent to encourage full use of state remedies" by creating an incentive, in the form of attorney's fees, to "abandon state proceedings as soon as possible." *Id.*, **at 66 n.6.** Justice Stevens wrote an opinion concurring in the judgment in *Carey* for the sole purpose of noting that the majority opinion had gone further in its language than the case presented required, and that "[a] quite different question would be presented if, before any federal litigation were commenced, an aggrieved party had obtained complete relief in the administrative proceedings." *Id.*, **at 72 (Stevens, J., concurring in the judgment).**

Six years later in *North Carolina Dep't of Transp. v. Crest Street Community Council, Inc.*, 479 U.S. 6 (1986), the Supreme Court was confronted with the issue of whether jurisdiction existed over a claim solely for attorney's fees under Title VI. In holding that federal courts lacked jurisdiction over such a claim, a majority of the Court expressly rejected the policy concerns that had been used to extend the holding in *Carey* past the

facts and issue actually presented in that case, calling the concerns "dicta" and "exaggerated." *Id.*, **at 13-15.** More specifically, the Court remarked that "if one must ignore the plain language of a statute to avoid a possibly anomalous result, the short answer is that Congress did not write the statute that way." *Id.*, **at 14 (citations and quotation marks omitted).** Rather than encouraging litigants to flee the state process as soon as possible by allowing attorney's fees to be awarded by a federal court only when the complainant is also seeking vindication of substantive rights "creates a legitimate incentive for potential civil rights defendants to resolve disputes expeditiously, rather than risk the attorney's fees liability connected to civil rights litigation." *Id.*, **at 15.** The Supreme Court's decision in *Crest Street* quite clearly reined-in the overly broad language of *Carey*, such that the principle now derived from *Carey* should be on par with the question actually presented rather than with the extension made by the Court. In other words, *Carey* stands only for the proposition that a litigant who is attempting to vindicate her substantive rights under Title VII in a federal court can be awarded attorney's fees and costs incurred during state administrative proceedings.

The Fourth Circuit recognized the effect *Crest Street* had on *Carey* when it decided *Chris v. Tenet*.  *Chris* involved the "different question" identified by Justice Stevens in *Carey*, namely "whether [Plaintiff's] claims solely for attorney's fees and costs are 'actions brought under [Title VII],' and thus within the jurisdiction of the federal courts."  **Chris, 221 F.3d at 651.**  The Fourth Circuit held that "[b]ecause a suit solely for attorney's fees and costs is not an 'action[] brought under [Title VII]," *i.e.*, a suit to enforce the substantive protections of Title VII, federal courts lack subject matter jurisdiction over civil actions brought solely for attorney's fees and costs."  **Id., at 654.**

In reaching its decision, the Court first examined the language of the statute, concluding that "the phrase 'actions brought under this subchapter' refers to legal proceedings in a court of law to enforce the substantive rights guaranteed by Title VII, specifically the right to be free from employment discrimination on the basis of race, color, religion, sex, or national origin."  **Id., at 652.**  The Court then turned to a consideration of the "specific context in which the language appears," determining that "[t]his structural design in which proper venue is controlled by facts associated with the alleged unlawful employment practice supports the

conclusion that to be an 'action[] brought under this subchapter' the civil action must involve a claim to remedy an unlawful employment practice, rather than contain only a single claim for attorney's fees and costs." *Id.* Third, the Court found its conclusion to be "supported by the manner in which other provisions of Title VII use the term 'action' or its plural form." *Id.* Finally, the Court concluded that "[i]nterpreting Title VII as not permitting an action solely for attorney's fees and costs is also consistent with the statutory scheme of Title VII." *Id., at 653.*

The Plaintiff attempts to avoid the holding in *Chris* by distinguishing her case on two bases. Plaintiff first argues that "the decision in <u>Chris</u> is predicated upon the assumption that attorney's fees under Title VII were available in the administrative process," but that they were not "available" to her because she "never received a ruling on that claim." **Plaintiff's Opposition to Defendant's Objections, at 14-15.** The Court does not read *Chris* in such a fashion. First, the Fourth Circuit never made such an assertion, but rather delivered an unequivocal holding that federal courts lack jurisdiction over a claim brought solely to recover attorney's fees and costs incurred in the Title VII administrative process. ***Chris*, 221 F.3d at 654.** Second, Plaintiff's assertion is undermined by the Fourth Circuit's

treatment in *Chris* of the Eighth Circuit's decision in *Jones v. American State Bank*, 857 F.2d 494 (8th Cir. 1988). *Jones*, like *Chris*, concerned the issue of jurisdiction over claims solely for attorney's fees and costs incurred in the Title VII administrative process. The plaintiff in *Jones* was successful in her discrimination claim at the agency level, but the state agency did not award her attorney's fees because they were not available under South Dakota state law. ***Jones*, 857 F.2d at 495.** Jones then brought suit in federal court seeking only to recover her attorney's fees, and the Eighth Circuit held that jurisdiction existed over her claim. ***Id.*** The Fourth Circuit could have distinguished the *Jones* decision on the basis that attorney's fees were unavailable to Jones under state law but Chris did not face the same problem. Had the Court done so, it *may* have given some level of credence to Plaintiff's "predicate" argument. However, rather than distinguish *Jones* on the basis of availability of attorney's fees at the state administrative level – or even mentioning this factual distinction at all – the Court flatly rejected the *Jones* decision because it found the Eighth Circuit's rationale regarding the jurisdictional issue "unpersuasive." ***Chris*, 221 F.3d at 655.**

Plaintiff's second basis for distinguishing *Chris* fares no better than her first. Plaintiff contends that the "Fourth Circuit expressed concern that allowing a plaintiff to file suit solely for attorney's fees and costs in the course of the administrative process would 'run counter to the congressional aim of quick, less formal, and less expensive resolution of employment disputes,'" but that allowing her to proceed in this case would not implicate such a concern. **Plaintiff's Opposition to Defendant's Objections, at 15 (quoting *Chris*, 221 F.3d at 653).** Were the above-quoted language the only rationale supporting the Fourth Circuit's decision in *Chris*, Plaintiff may have a meritorious argument. However, this concern was only one of the four bases for the Fourth Circuit's decision and it is quite arguably – when compared with the other three, which were all based on clearly established rules of statutory construction – the weakest of the four. ***See, Chris*, 221 F.3d at 651-53.** Although Plaintiff effectively ignores the other three bases in her arguments, the Court cannot do so.

The Fourth Circuit's holding in *Chris* was clear and unequivocal,[4] and

is controlling in this case.

> The subject matter jurisdiction of federal courts is limited and
> the federal   courts may exercise only that jurisdiction which
> Congress has prescribed.  The jurisdictional grant in 42 U.S.C.
> § 2000(e)-5(f)(3) refers to legal proceedings in a court of law to
> enforce the substantive rights guaranteed by Title VII,
> specifically the right to be free from employment discrimination
> on the basis of race, color, religion, sex, or national origin.
> *Accordingly, the jurisdictional grant of 42 U.S.C. §2000e-5(f)(3)*
> *does not extend to an independent action solely for attorney's*
> *fees and costs incurred during the course of the Title VII*
> *administrative process.*

**Id., at 655 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.**

**375, (1994)) (emphasis added).**  Accordingly, because Plaintiff seeks only

"attorney's fees and costs incurred during the course of the Title VII

---

[4] The Fourth Circuit reiterated its holding in *Braswell v. Montgomery
County Dep't of Corr. & Rehab.*, 52 Fed. Appx. 617 (4th Cir. 2002), wherein
the Court stated:

> Even assuming that the [Commission] reached a decision
> favorable to [Plaintiff] and he could maintain a suit for attorney's
> fees under *New York Gaslight*, his claim is, nevertheless, not
> cognizable.  In *Chris* [ ], this Court held that district courts lack
> subject matter jurisdiction over Title VII actions that do not seek
> "to enforce the substantive rights guaranteed by Title VII,
> specifically the right to be free from employment discrimination
> on the basis of race, color, religion, sex, or national origin."

**Braswell, 52 Fed. Appx. at 619 (citing *Chris*, *supra*, at 655); *see also*,
*Laber v. Harvey*, ___ F.3d ___, ___, 2006 WL 348289, *12-13 (4th Cir.
2006) (confirming the continued validity of *Chris*, although declining
to extend its holding to claims "for additional relief only").**

administrative process" rather than seeking "to enforce the substantive rights guaranteed by Title VII, specifically the right to be free from employment discrimination on the basis of race, color, religion, sex, or national origin," this Court has no jurisdiction over Plaintiff's sole claim, and Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction must be granted. *Id.*; *see also*, **Complaint, ¶ 1 ("This is an action to recover attorney's fees and costs under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(k)."); Plaintiff's Appendix to Complaint, filed August 3, 2005, at P00180 (wherein Plaintiff asserts that she "obtained complete vindication on her age and race discrimination claims"); P00717 (same); P00164 ("Accordingly, [Plaintiff] never filed a case alleging violations of Title VII or the ADEA, nor was there any need to do so given the successful outcome of the current case."); P00165 ("The SPC's Decision and Order completely vindicated all of Petitioner's goals in this case.").**

## B. *Rooker-Feldman* Doctrine

Because the Court concludes it lacks subject matter jurisdiction under the prevailing law as expressed by the Fourth Circuit in *Chris v.*

*Tenet*, Defendant's objection regarding application of the *Rooker-Feldman*

doctrine is not reached.


## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss

Plaintiff's Complaint for lack of subject matter jurisdiction is **GRANTED**,

and same is hereby **DISMISSED WITH PREJUDICE** in its entirety**.**


Signed: March 15, 2006


Lacy H. Thornburg
United States District Judge